IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WEST ALABAMA WOMEN'S CENTER and WILLIAM J. PARKER, M.D., on behalf of themselves and their patients, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:15cv497-MHT (WO) |
| DONALD E. WILLIAMSON, M.D., in his official capacity as State Health Officer, | ) ) ) ) ) | |
| Defendant. | ) | |

TEMPORARY RESTRAINING ORDER

This lawsuit is an as-applied challenge by a licensed abortion clinic in the State of Alabama and its new, sole doctor against a regulation requiring that, in order to perform abortions at the clinic, either the doctor must have admitting privileges at a local hospital or the clinic must contract with a covering physician who has such privileges. The plaintiffs, West Alabama Women's Center and Dr. William

J. Parker, on behalf of themselves and their patients, claim that this regulation is unconstitutional under the Due Process Clause of the Fourteenth Amendment as applied to them because it violates their patients' right to liberty and privacy and their right to pursue their business and profession.  The defendant is Dr. Donald E. Williamson, in his official capacity as the State Health Officer.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

The matter is now before the court on the plaintiffs' motion for a temporary restraining order. Upon consideration of the motion, responsive briefing, and supporting documentation, the court finds that the plaintiffs have met the requirements for issuance of a temporary restraining order:  (1) that they have shown a substantial likelihood of success on the merits of their suit; (2) that they will suffer irreparable harm absent injunctive relief; (3) that the harm to the plaintiffs absent an injunction would outweigh the harm

to the defendant from an injunction; and (4) that an injunction is in the public interest.  Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).  However, because briefing was not completed until July 27, 2015, the court needs additional time to finish preparing its formal opinion with supporting findings of fact.

Accordingly, it is ORDERED as follows:

(1) Plaintiffs West Alabama Women's Center and William J. Parker, M.D.'s motion for a temporary restraining order (doc. no. 3) is granted.

(2) Defendant State Health Officer Donald E. Williamson, M.D., and all those acting in concert with him, are TEMPORARILY ENJOINED from:

    (a) enforcing the requirements of Alabama Administrative Code § 420-5-1-.03(6)(b) against plaintiffs West Alabama Women's Center and William J. Parker, M.D.; and

    (b) failing to notify immediately all state officials responsible for enforcing the requirements of Alabama Administrative Code § 420-5-1-.03(6)(b) about

the existence and requirements of this temporary restraining order.

(3) This injunction shall expire on August 18, 2015, at 2:00 p.m.

The court will issue its formal opinion explaining this decision within three days.

DONE, this the 4th day of August, 2015, at 2:00 p.m.

                                       /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE