IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WEST ALABAMA WOMEN'S        )
CENTER and WILLIAM J.       )
PARKER, M.D., on behalf of  )
themselves and their        )
patients,                   )
                            )
     Plaintiffs,            )
                            )     CIVIL ACTION NO.
     v.                     )       2:15cv497-MHT
                            )            (WO)
DONALD E. WILLIAMSON,       )
M.D., in his official       )
capacity as State Health    )
Officer,                    )
                            )
     Defendant.             )
```

OPINION

On July 10, 2015, plaintiffs West Alabama Women's Center (a licensed abortion clinic in Tuscaloosa, Alabama) and Dr. William J. Parker (the Center's sole doctor) filed a constitutional as-applied challenge to a state regulation. The regulation, Alabama Administrative Code § 420-5-1-.03(6)(b), requires that, in order for a facility to provide abortion services, either the doctor who performs abortions must have

'admitting privileges' at a local hospital, or the facility must contract with a 'covering physician' who has those privileges. The defendant is Dr. Donald E. Williamson, in his official capacity as the State Health Officer.

This matter is now before the court on the parties' joint request to stay proceedings for a period of one year. For reasons that follow, the request will be granted.

## I.

The plaintiffs, on behalf of themselves and their patients, claim that the challenged regulation is unconstitutional under the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983 and as applied to them, because it violates their patients' rights to liberty and privacy and their right to pursue their business and profession. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

With the filing of their July 10 complaint, the plaintiffs moved for a temporary restraining order and a preliminary injunction against enforcement of the regulation.  On August 4, the court temporarily enjoined enforcement with the understanding that a supporting opinion would follow.  W. Alabama Women's Ctr. v. Williamson, 2015 WL 4932810 (M.D. Ala. 2015) (Thompson, J.).  On August 13, the court issued the promised opinion, finding, among other things, that, "the plaintiffs have shown a substantial likelihood of success on the merits," W. Alabama Women's Ctr. v. Williamson, --- F. Supp. 3d ----, ----, 2015 WL 4873125 at * 17 (M.D. Ala. 2015) (Thompson, J.), and "that the Center will shut down permanently if as-applied relief is not granted, eliminating the ability to get an abortion in Tuscaloosa and drastically reducing capacity throughout the State." Id. at * 20.  And, on August 17, the court, with the agreement of the parties, extended the temporary restraining order until September 1.

As stated, now before the court is the parties' request to stay this litigation. The request is based on a stipulation that provides, among other things, that the State Health Officer has granted to the Center a waiver from the regulation for a period of one year; that the plaintiffs shall continue to abide by the "policies and protocols" submitted to the court in connection with their motion for a temporary restraining order, Stipulation (doc. no. 29) at 1; that the plaintiffs shall continue to make "reasonable, good faith efforts to comply with the Regulation ... as set forth in the Court's August 13 Opinion," id.; and that the Alabama Department of Public Health shall initiate "the rulemaking process ... to modify the Regulation so that it will meet [the department]'s goal of ensuring the health and safety of patients without creating an undue burden as discussed in the Court's August 13 Opinion." Id. at 1-2.

In addition, because the parties expressly stated on the record on August 26 that they do not view the

stipulation as a "settlement," they may each still move to lift the stay or jointly move to have its terms modified at any time, and the court may likewise lift the stay at any time.  Also, the plaintiffs may still seek "emergency relief" at any time.  Id. at 2.

## II.

Based on representations made by the parties during an on-the-record telephone call held on August 26, 2015, the court finds that, for two principal reasons, the requested stay is in the best interest of the patients on whose behalf the plaintiffs have brought this litigation.  First, under the stipulation and waiver in support of the stay request, the Center may remain in operation for one year without having to comply with the challenged regulation.  Thus, with the stay, the plaintiffs have essentially obtained, for one year, the relief they sought with their motions for temporary restraining order and preliminary injunction.  Second, the stay affords the Department of Public

Health, at its request, an opportunity to modify the regulation in a way that may very well obviate the need for this litigation. It is in the best interest of all if this case were resolved outside of litigation.

***

The court will, therefore, enter an order staying this litigation in accordance with the parties' stipulation.

DONE, this the 31st day of August, 2015.

    /s/ Myron H. Thompson\_\_\_\_
    **UNITED STATES DISTRICT JUDGE**