IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WEST ALABAMA WOMEN'S CENTER and WILLIAM J. PARKER, M.D., on behalf of themselves and their patients, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:15cv497-MHT (WO) |
| DONALD E. WILLIAMSON, M.D., in his official capacity as State Health Officer, | ) ) ) ) ) | |
| Defendant. | ) | |

STIPULATED ORDER

In accordance with the opinion entered this date, it is ORDERED, ADJUDGED, and DECREED that all proceedings in this case are stayed based on the following:

1. Pursuant to Ala. Admin. Code, § 420-1-2-.09, defendant Donald E. Williamson has granted plaintiff West Alabama Women's Center a waiver from Ala. Admin.

Code § 420-5-1-.03(6)(b) (the "Regulation") for a period of one year, expiring on August 24, 2016.

2. The plaintiffs shall continue to abide by the policies and protocols submitted to the court in connection with their motions for a temporary restraining order and preliminary injunction (doc. nos. 4, 18). The plaintiffs shall also continue to make reasonable, good faith efforts to comply with the Regulation while it remains in effect, as set forth in the court's August 13, 2015, opinion (doc. no. 22).

3. The Alabama Department of Public Health ("DPH") shall initiate the rulemaking process pursuant to the Alabama Administrative Procedure Act, 1975 Ala. Code § 41-22-1, et seq., as soon as possible to modify the Regulation so that it will meet DPH's goal of ensuring the health and safety of patients without creating an undue burden as discussed in the court's August 13 opinion.

4. Further litigation on the merits in this matter is stayed to allow DPH to engage in the rulemaking

process as set forth above.  If no changes to the rules are promulgated or the Alabama Legislature exercises its right under 1975 Ala. Code § 41-22-23 to disapprove the rule, then the plaintiffs shall have up to 60 days from the end of the process to move this court to lift the stay, amend the complaint, or seek other appropriate relief.

    5.  The plaintiffs shall have up to 30 days from the effective date of the final rule, in which to review the rule and move this court to dismiss this action, lift the stay, amend the complaint, or seek other appropriate relief.

    6.  If a final rule does not become effective by 30 days prior to the date of the expiration of the waiver, the defendant agrees that the waiver will be extended for an amount of time necessary to complete the rulemaking process, but no less than 30 days after the effective date of a final rule.

    7.  The stay of this litigation may be lifted at any time by order of the court.  Should a party move

the court to lift the stay in litigation, the other party will have no less than 30 days to respond before the court rules on the motion, provided however that this period will be shortened in accordance with Fed. R. Civ. P. 65 should the plaintiffs seek to lift the stay in order to obtain emergency relief.

    8. Nothing in this order precludes the parties from jointly requesting the court to modify any terms of this order.

    9. The court shall retain jurisdiction over this matter during the stay and until such time as a dismissal or final judgment is issued.

    It is further ORDERED that the plaintiffs' motion for preliminary injunction (doc. no. 3) is denied with leave to renew and to be reinstated as of the time of its original filing.

    It is further ORDERED that the clerk of the court is to close this case administratively.

    DONE, this the 31st day of August, 2015.

                                  /s/ Myron H. Thompson\_\_\_\_  
                              UNITED STATES DISTRICT JUDGE