## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| WEST ALABAMA WOMEN'S CENTER and WILLIAM J. PARKER, M.D., on behalf of themselves and their patients, | ) ) ) ) | |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) | Case No. 2:15-CV-497-MHT |
| DONALD E. WILLIAMSON, M.D., in his official capacity as State Health Officer, | ) ) ) ) | |
| DEFENDANT. | ) | |

## DEFENDANT'S EMERGENCY MOTION TO ENFORCE STIPULATED ORDER

**COMES NOW** Defendant State Health Officer,[1] and moves this Honorable Court to enforce the Stipulated Order (Doc. 31) entered on August 31, 2015, and to allow Defendant no less than 30 days to respond to Plaintiffs' "Motion to Lift Stay and to File a Supplemental Complaint Pursuant to Fed. R. Civ. P. 15(d)" (Doc. 32). In support of this Motion, Defendant would state as follows:

1.      On August 31, 2015, this Court issued a Stipulated Order (Doc. 31) that had been jointly proposed by the parties as an attempt to resolve the issues raised in the Court's Opinion (Doc. 22) outside of litigation. Specifically, the Defendant granted Plaintiff West Alabama Women's Center a waiver from Ala. Admin. Code § 420-5-1-.03(6)(b) (the "Regulation") for a period of one year, expiring on August 24, 2016. During the waiver period, the Alabama Department of Public Health ("ADPH") would initiate the rulemaking process pursuant to the Alabama Administrative Procedure Act, 1975 Ala. Code § 41-22-1, et seq., to modify the

---

[1] Since the filing of this action, Thomas M. Miller, M.D., has succeeded Dr. Williamson as State Health Officer, who was named as a defendant only in his official capacity.

Regulation so that it would continue to meet ADPH's goal of ensuring the health and safety of patients while also addressing the undue burden concerns discussed in this Court's August 13 Opinion (Doc. 22).

2.      Since the entry of the stay of this matter, ADPH has engaged in the rulemaking process as agreed and an amended regulation was approved for final adoption by the State Committee of Public Health on April 14, 2016.  The amended regulation undisputedly resolves the constitutional claims originally raised by Plaintiffs.  However, on June 2, 2016, Plaintiffs moved to lift the stay in this matter and to file a proposed "supplemental complaint" which alleges privacy and safety concerns relating to the amended regulation and which also raises constitutional challenges to two laws passed by the Alabama Legislature in May 2016.  As will be discussed in Defendant's response to the motion, the claims against the statutes and the new parties to be added in Plaintiffs' proposed complaint are not sufficiently related to the concerns regarding the amended regulation and should be litigated separately.[2]

3.      Pursuant to the Stipulated Order, any party responding to a motion to lift the stay in litigation "will have no less than 30 days to respond before the court rules on the motion, provided however that this period will be shortened in accordance with Fed. R. Civ. P. 65 should the plaintiffs seek to lift the stay in order to obtain emergency relief." (Doc. 31, ¶7.)

4.      On the afternoon of June 2, less than two hours after Plaintiffs filed their motion, this Court issued a show cause Order (Doc. 36) requiring Defendant to file a response to the motion by June 10, giving Defendant only five business days to file a response.[3]

5.      Undersigned counsel contacted Plaintiffs' counsel by telephone on June 9 to discuss the filing deadline in an attempt to amicably resolve this issue. Based on the telephone

---

[2] As previously stated, the claims raised in Plaintiffs' original Complaint have been resolved.
[3] June 6 was a state holiday.

conversation, Plaintiffs are taking the position that they are seeking emergency relief – even though their motion (Doc. 32), brief (Doc. 33), and proposed complaint (Doc. 32-1) do not make any mention of emergency relief – and would not agree to the 30-day timeframe that was previously stipulated.[4] Moreover, the ADPH waiver does not expire until August 24, 2016, thus no emergency relief is applicable with regard to the amended regulation. If Plaintiffs believe that emergency relief is warranted with regard to their proposed constitutional challenges to the statutes, those claims can be addressed by the filing of a separate lawsuit.

6.      Undersigned counsel also offered an alternate timeframe of less than 30 days, again in an attempt to come up with a joint agreement on the filing deadline, but again Plaintiffs refused to agree to any deadline later than June 10.  Instead, Plaintiffs' counsel agreed only that they would "expeditiously" file a response in the event Defendant filed this emergency motion.

WHEREFORE, Defendant respectfully requests that this Court allow him no less than 30 days to respond to Plaintiffs' Motion to Lift Stay and to File a Supplemental Complaint, as set forth in the Stipulated Order.

*s/ Bethany L. Bolger*
P. Brian Hale
Bethany L. Bolger
Carol R. Gerard
*Assistant Attorneys General on behalf of Defendant*

OF COUNSEL:
Alabama Department of Public Health
P.O. Box 303017
Montgomery, AL 36130-3017
T | (334) 206-5209
F | (334) 206-5873
*brian.hale@adph.state.al.us*
*bethany.bolger@adph.state.al.us*
*carol.gerard@adph.state.al.us*

---

[4] By now taking the position that they are seeking emergency relief, Plaintiffs assert that the 30-day timeframe does not apply here.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 9th day of June 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy of same upon the following counsel of record:

Randall C. Marshall
ACLU Foundation of Alabama, Inc.
P.O. Box 6179
Montgomery, AL 36106-0179
*rmarshall@aclualabama.org*

Alexa Kolbi-Molinas
Andrew David Beck
Jennifer Lee
American Civil Liberties Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*akolbi-molinas@aclu.org*
*abeck@aclu.org*
*jlee@aclus.org*

*s/ Bethany L. Bolger*
Of Counsel