| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>DR. THOMAS M. MILLER, in his official capacity as State Health Officer, et al.,<br><br>             Defendants. | CIVIL ACTION<br><br>Case No. 2:15-cv-497-MHT |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO ENFORCE STIPULATED ORDER

Plaintiffs hereby oppose Defendants' Emergency Motion to Enforce Stipulated Order (doc no. 38).

On June 2, 2016 Plaintiffs filed its Motion to Lift Stay and to File a Supplemental Complaint, Pls' Mot. (doc. no. 32), pursuant to this Court's order staying the litigation in this case, Stay Order (doc. no. 31). Paragraph 7 of the stay order provided that a party could move to lift the stay and that "the other party will have no less than 30 days to respond before the court rules on the motion, *provided however that this period will be shortened in accordance with Fed. R. Civ. P. 65 should the plaintiffs seek to lift the stay in order to obtain emergency relief*." Id. ¶ 7 (emphasis added). Because Plaintiffs seek to lift the stay so that they may obtain emergency relief, the 30 day period was shortened by the Court within that provision. *See* Order to Show Cause by June 10, doc. no. 36.

Plaintiffs seek to supplement their complaint to bring new claims challenging the amended regulation, Ala. Admin. Code r. 420-5-1-.03(6)(b), and two recently enacted statutes, Alabama Senate Bill 205, Reg. Sess. 2016 ("SB 205" or the "clinic closure law"); Alabama

Senate Bill 363, Reg. Sess. 2016 ("SB 363" or the "D&E ban"), both of which are effective

August 1. In their memorandum of law in support of their motion to supplement, Plaintiffs stated

that because of the statutes' imminent effective date, "in order to prevent irreparable harm from

befalling Plaintiffs and their patients, Plaintiffs must seek injunctive relief before that date, and .

. . respectfully request that the Court consider the instant motion on an expedited basis." Pls'

Mem. of Law (doc. no. 33) at 3.

Despite the fact that Plaintiffs' motion presents the precise scenario that the exception to

Paragraph 7 contemplated, Defendants now request the full 30-day period to file their response

to Plaintiffs' motion, which will materially affect Plaintiffs' ability to seek the emergency relief

they require to prevent irreparable harm. In doing so they argue that the exception to Paragraph 7

does not apply because Plaintiffs have not filed a motion seeking emergency relief. This

argument is a technicality and ignores the parties' underlying considerations motivating

Paragraph 7—that the 30-day period to respond to a motion to lift the stay would not apply if

doing so would prevent Plaintiffs from obtaining emergency relief. Plaintiffs could not have filed

a motion for emergency relief with their Motion to Lift Stay and to File a Supplemental

Complaint because doing so would have been premature. If this Court were to deny Plaintiffs'

motion to supplement the complaint, then Plaintiffs would have to file a new case challenging

the recently enacted statutes and would file a motion for emergency relief in that case. However,

for the reasons set forth in the motion for leave to file a supplemental complaint, proceeding in

this action is fully warranted under the circumstances and serves both to promote judicial

efficiency and more completely resolve the dispute between the parties.

Wherefore, Plaintiffs respectfully request that this Court reject Defendants' motion and consider Plaintiffs' Motion to Lift Stay and to File a Supplemental Complaint (doc. no. 32) on an expedited basis so that they may seek emergency relief to prevent irreparable harm.

Date: June 9, 2016

Respectfully submitted,

s/ Andrew Beck

Andrew Beck*
New York State Bar No. 4740114
Alexa Kolbi-Molinas*
New York State Bar No. 4477519
Jennifer Lee*
New York State Bar No. 4876272
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
akolbi-molinas@aclu.org
jlee@aclu.org
(212) 549-2633

/s Randall C. Marshall

Randall C. Marshall
ASB-3023-A56M
ACLU FOUNDATION OF ALABAMA,
INC.
P.O. Box 6179
Montgomery, AL 36106-0179
rmarshall@aclualabama.org
(334) 265-2754

*Attorneys for Plaintiffs*

*\* Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing will be filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the same upon the following counsel of record, on this 9th day of June, 2016:

P. Brian Hale
Bethany L. Bolger
Carol R. Gerard
Alabama Department of Public Health
P.O. Box 303017
Montgomery, AL 36130

s/ Randall C. Marshall