# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>DONALD E. WILLIAMSON, M.D., in his official capacity as State Health Officer,<br><br>          Defendants. | CIVIL ACTION<br><br>Case No. 2:15-cv-497-MHT |

## PLAINTIFFS' MOTION TO SHORTEN THE TIMEFRAME FOR RESPONSE SO THAT PLAINTIFFS MAY OBTAIN EMERGENCY RELIEF

Pursuant to the Court's June 9, 2016 Order (doc. no. 40), Plaintiffs respectfully move the Court to shorten the timeframe for Defendant to respond to Plaintiffs' Motion to Lift Stay and to File a Supplemental Complaint (doc. no. 32) in order for Plaintiffs to be able to obtain emergency relief. In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs commenced this challenge to an Alabama Department of Public Health ("ADPH") regulation that had forced Plaintiff West Alabama Women's Center ("WAWC") to close, thereby inflicting irreparable harm on Alabama women seeking abortion services. On August 4, 2015, this Court entered a temporary restraining order enjoining ADPH from enforcing the regulation against Plaintiffs (doc no. 20). In its August 31, 2015 Order (doc. no. 31), this Court stayed proceedings in this case in order for Defendant to amend the regulation to bring it into compliance with constitutional requirements. That Order states in relevant part that "[t]he stay of this litigation may be lifted at any time by order of the court. Should a party move the court to lift the stay in litigation, the other party will have no less than 30 days to respond before the court rules on the motion, *provided however that this period will be shortened in*

*accordance with Fed. R. Civ. P. 65 should the plaintiffs seek to lift the stay in order to obtain emergency relief.*" Stay Order (doc. no. 31) ¶ 7 (emphasis added).

2. On June 2, 2016, Plaintiffs filed a motion to lift the stay and to file, pursuant to Fed. R. Civ. P 15(d), a supplemental complaint (doc. no. 32) challenging a provision of ADPH's amended regulation (which went into effect June 2, 2016), as well as two new statutes that were signed into law on May 12, 2016, which, if enforced, would devastate abortion access in Alabama and inflict the very harms this Court sought to prevent in its temporary restraining order entered earlier in this case (doc. no. 20). In the memorandum filed in support of their motion, Plaintiffs described the emergent nature of the relief they are seeking, stating that "because the challenged statutes' effective date is August 1, 2016, in order to prevent irreparable harm from befalling Plaintiffs and their patients, Plaintiffs must seek injunctive relief before that date, and so Plaintiffs respectfully request that the Court consider the instant motion on an expedited basis." Pls.' Mem. (doc. no. 33) at 3.

3. Plaintiffs respectfully request that, pursuant to the Stay Order, this Court shorten the timeframe for Defendant to respond to Plaintiffs' motion so that, if this Court grants that motion, Plaintiffs may then seek emergency relief against laws with imminent effective dates.

4. There can be no question that Plaintiffs are in need of emergency relief. Both of the statutes Plaintiffs seek to challenge have August 1, 2016 effective dates. *See* Proposed Suppl. Compl. (doc. no. 32-1) Ex. B, C. One of those statutes, SB 363, imposes a criminal ban on the most common second-trimester abortion procedure starting on August 1, 2016. The other statute, SB 205, bans ADPH from renewing the licenses for Plaintiff WAWC and Proposed Plaintiff Alabama Women's Center. For reasons that Plaintiffs will demonstrate, enforcement of SB 205 would permanently close down both clinics, and while those closures would take place

on December 31, 2016 when their licenses are due to expire, Plaintiffs and their staff cannot wait until that date to know whether their livelihoods will be destroyed. The third requirement Plaintiffs seek to challenge, ADPH's amended regulation, would begin inflicting irreparable harm on the privacy of WAWC's patients on August 24, 2016.[1]

5. In order for Plaintiffs to have the opportunity to obtain emergency relief from these requirements before they take effect, the necessary steps include (1) the Court granting Plaintiffs' motion to supplement the complaint, (2) Plaintiffs drafting and filing their motion for preliminary injunctive relief, (3) Defendants drafting and filing their opposition to Plaintiffs' motion, (4) reply briefing, (5) a hearing, and (6) the entry of an order and opinion. But if Defendant were not compelled to respond to Plaintiffs' motion on a shortened timeframe, their response would not be due until July 5, 2016. This would delay the filing of Plaintiffs' motion for preliminary injunctive relief (whether pursuant to the supplemental complaint or as a separate action) against three laws—two of which take effect on August 1, and one of which becomes effective against Plaintiffs on August 24—until sometime after this point. This would mean that Defendant would have more time to respond to Plaintiffs' short motion for leave to lift the stay and supplement the complaint than the parties and the Court would have for motion practice, argument, and ruling on the substantive constitutional issues raised by the request for preliminary injunctive relief. Such an imbalanced schedule would prejudice the parties and the Court.

6. During the June 9, 2016 telephone conference with the Court, defense counsel suggested that Defendant should not be required to respond to Plaintiffs' motion on a shortened timeframe because Plaintiffs could forego supplementation and file a separate lawsuit. The

---

[1] If Defendant wishes to later argue that the 23-day difference in effective dates warrants a bifurcated briefing schedule on the preliminary injunction motion, he is free to do so when the Court sets a briefing schedule on Plaintiffs' motion for preliminary injunctive relief.

Court should reject that suggestion. Supplemental pleadings are strongly encouraged, and Plaintiffs "should be given every opportunity to join in one lawsuit all grievances against another party regardless of when they arose." 6A Charles A. Wright et al., Federal Practice and Procedure § 1506 (3d ed.). Thus, Plaintiffs are well within their rights to seek such a "favored" course here. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Neither the parties nor the judicial system should be denied the substantial efficiency benefits that supplementation would afford (as described in Plaintiffs' original memorandum (doc. no. 33) at 8-10).[2]

7. Equally misplaced is the suggestion that Plaintiffs' request for relief is not emergent because the threatened violation of Plaintiffs' patients' constitutional right to privacy does not constitute irreparable harm. The Eleventh Circuit and this Court have repeatedly recognized that the violation of a woman's constitutional privacy right constitutes irreparable harm for which there is no adequate remedy at law. *See Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations omitted), *overturned on other grounds*, 508 U.S. 656 (1993) (recognizing that "an on-going violation [of the constitutional right to privacy] constitutes irreparable injury"); *West Alabama Women's Center v. Williamson*, 120 F. Supp. 3d 1296, 1318 (M.D. Ala 2015) (same); *Planned Parenthood Southeast, Inc. v. Bentley*, 951 F. Supp. 2d 1280, 1289 (M.D. Ala 2013) (same).

---

[2] Defendant stated during the June 9 teleconference that he was only responsible for enforcing the amended regulation, not the two statutes. This, of course, is an argument about the merits, not about whether the timeframe for his response should be shortened due to the need to seek emergent relief. In any event, the argument is false. As set forth in the Proposed Supplemental Complaint, Defendant is responsible for enforcing all three requirements. *See* Proposed Suppl. Compl. (doc. no. 32-1) at ¶ 16.

8. In sum, for the reasons stated above, Plaintiffs' motion to shorten the timeframe for Defendant to respond to Plaintiffs' Motion to Lift Stay and to File a Supplemental Complaint should be granted.

Date: June 10, 2016                    Respectfully submitted

                                       s/ Andrew Beck
                                       Andrew Beck*
                                       New York State Bar No. 4740114
                                       Alexa Kolbi-Molinas*
                                       New York State Bar No. 4477519
                                       Jennifer Lee*
                                       New York State Bar No. 4876272
                                       AMERICAN CIVIL LIBERTIES UNION
                                       FOUNDATION
                                       125 Broad Street, 18th Floor
                                       New York, NY 10004
                                       abeck@aclu.org
                                       akolbi-molinas@aclu.org
                                       jlee@aclu.org
                                       (212) 549-2633

                                       Randall C. Marshall
                                       ASB-3023-A56M
                                       ACLU FOUNDATION OF ALABAMA,
                                       INC.
                                       P.O. Box 6179
                                       Montgomery, AL 36106-0179
                                       rmarshall@aclualabama.org
                                       (334) 420-1741

                                       *Attorneys for Plaintiffs*

                                       *\* Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the same upon the following counsel of record, on this 10th day of June, 2016:

P. Brian Hale
Bethany L. Bolger
Carol R. Gerard
Alabama Department of Public Health
P.O. Box 303017
Montgomery, AL 36130

s/ Randall C. Marshall

6