IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WEST ALABAMA WOMEN'S         )
CENTER and WILLIAM J.        )
PARKER, M.D., on behalf of   )
themselves and their         )
Patients,                    )
                             )    CIVIL ACTION NO.
     Plaintiffs,             )      2:15cv497-MHT
                             )           (WO)
     v.                      )
                             )
THOMAS M. MILLER,            )
M.D., in his official        )
Capacity as State Health     )
Officer,                     )
                             )
     Defendant.              )
```

OPINION AND ORDER

In this as-applied challenge to an abortion regulation, the plaintiffs moved to lift the stay of proceedings and supplement their complaint with claims challenging a revised version of that regulation and two additional statutes, all regulating abortions, and to add additional parties (both plaintiffs and defendants).

1

Before the court is the plaintiffs' second motion to shorten the State Health Officer's timeframe within which to respond to their earlier motion, so that they may obtain emergency relief. For reasons that will be explained, the plaintiffs' second motion will be granted and the court will order the State Health Officer to respond to the plaintiffs' earlier motion by June 15, 2016, at 5:00 p.m.

## I. BACKGROUND

This suit was brought as an as-applied challenge to Alabama Administrative Code § 420-5-1-.03(6)(b). Initially, that regulation required that abortion providers in the State maintain staff privileges at a local hospital or, alternatively, that facilities providing abortions contract with a covering physician who maintained such privileges. The plaintiffs are West Alabama Women's Center ['West Alabama'], an abortion clinic in Tuscaloosa, Alabama, and Dr. William J. Parker, the clinic's only abortion provider, on behalf of themselves and their patients. The defendant is the State Health Officer, in

2

his official capacity, who was responsible for enforcing the regulation.

This court found that the plaintiffs were likely to succeed on the merits of their claim that the regulation, as applied to West Alabama, imposed an unconstitutional undue burden on women seeking abortions, because compliance would be impossible and the regulation would therefore result in the closure of the clinic. The court temporarily enjoined its enforcement against the clinic. West Ala. Women's Ctr. v. Williamson, No. 15cv497, 2015 WL 4932810, at *1 (M.D. Ala. Aug. 4, 2015) (Thompson, J.) (granting the plaintiffs' motion for a temporary restraining order); West Ala. Women's Ctr. v. Williamson, 120 F. Supp. 3d 1296 (M.D. Ala. 2015) (Thompson, J.) (explaining the basis for granting the temporary restraining order). In August 2015, the parties entered a joint stipulation, which, among other provisions, waived enforcement of the regulation as to West Alabama until August 24, 2016; requested a stay of proceedings for a period of one year; and provided that, in the interim, the Alabama Department of Public Health would

initiate the rulemaking process in an attempt to modify the challenged regulation in such a way that it no longer unduly burdened the rights of women seeking abortions.  The court granted the parties' request for a stay, with the understanding that "the plaintiffs [could] still seek 'emergency relief' at any time."  West Ala. Women's Ctr. v. Williamson, No. 2:15cv497, 2015 WL 5164054, at *2 (M.D. Ala. Aug. 31, 2015) (Thompson, J.).

In April, the Alabama Department of Public Health promulgated an amended regulation, which became effective June 2, 2016.  A facility may comply with the amended regulation through any of three alternative means (the first two of which mirror the earlier regulation): either (1) an abortion provider must have staff privileges, (2) the facility must have a covering physician, or (3) the facility must comply with a new set of additional measures, including a requirement that every woman who receives an abortion must be provided with a copy of her medical records prior to leaving the facility.

4

Also since the entry of the joint stipulation, the Alabama legislature passed two additional pieces of legislation regulating abortion and abortion clinics. Alabama Senate Bill 205 prohibits any abortion clinic from operating within 2,000 feet of a K-8 public school. Alabama Senate Bill 363 bans the dilation and evacuation method of performing second-trimester abortions. Both statutes go into effect August 1, 2016.

On June 2, 2016, the plaintiffs moved to have the stay lifted and to file a supplemental complaint. The proposed supplemental complaint renews the plaintiffs' challenge to the regulation (as amended). It also challenged the two new statutes. The plaintiffs' substantive claim regarding all three restrictions is the same: that they unduly burden the rights of women seeking abortions in the State. This court promptly issued a show-cause order, requiring the State Health Officer to respond to the plaintiffs' motion in seven days. In so doing, it overlooked a provision of the August 2015 joint stipulation governing the lifting of

5

the stay. Paragraph 7 of the Joint Stipulation (doc. 31) reads:

> "The stay of this litigation may be lifted at any time by order of the court. Should a party move the court to lift the stay in litigation, the other party will have no less than 30 days to respond before the court rules on the motion, provided however that this period will be shortened in accordance with Fed. R. Civ. P. 65 should the plaintiffs seek to lift the stay in order to obtain emergency relief."

At issue here is the effect of this provision. The State Health Officer argues that, pursuant to this provision of the joint stipulation, it is entitled to a time period of 30 days to respond to the plaintiffs' motion. The plaintiffs argue that they intend to and, indeed, must seek emergency relief from enforcement of these restrictions; accordingly, they argue, the exception to the 30-day requirement applies and the State Health Officer must respond more quickly.

## II. DISCUSSION

6

Because the plaintiffs' motion to lift the stay and file a supplemental complaint presents a claim for emergency relief, the court will grant their motion and require a prompter response from the State Health Officer.

The plaintiffs' proposed supplemental complaint challenges three abortion restrictions that will begin to affect West Alabama in the very near future: (1) an amended regulation that goes into effect August 1, 2016, and will be enforced against West Alabama beginning on August 24, 2016 (when its waiver ends); (2) a statute that will restrict second-trimester abortions provided at West Alabama beginning on August 1, 2016, its effective date (SB 363); and (3) another statute that will go into effect August 1, 2016, and will, the plaintiffs allege, close West Alabama indefinitely as of December 31, 2016 (SB 205).[1]

---

1. Because SB 205 governs the licensing of abortion clinics, the law will go into effect August 1, 2016, but would allegedly force the closure of West Alabama and the Alabama Women's Center as of December 31, 2016, the date by which clinic licenses are due to be renewed.

7

The State Health Officer argues that none of these restrictions provides even a theoretical basis for emergency relief, but this argument is unavailing. Even setting aside the two statutes, which are not yet (unless and until supplementation is approved) before the court, a 30-day response period would not allow the court adequate time to consider and rule on the plaintiffs' forthcoming motion for emergency relief.[2]

As the plaintiffs note, if the court were to allow the State Health Officer 30 days to respond to the motion, his response would be due July 5, 2016; this would leave the parties and the court only 35 business days to (1) rule on the plaintiffs' motion to lift the stay and file a supplemental complaint; (2) receive the plaintiffs' motion for emergency relief; (3) receive the State Health Officer's response in opposition (which they will

---

2. Whether or not leave is granted to amend in claims regarding the two new statutes and the new plaintiffs and defendants, it is unquestionably proper for the plaintiffs to raise and the court to consider the renewed challenge to the regulation that has been at issue in this case since its commencement.
(continued…)

8

undoubtedly request a reasonable period of time to prepare); (4) receive the plaintiffs' reply brief; (5) hold oral argument; and (6) issue an opinion and order, all prior to August 24. This schedule would place intense and unnecessary time constraints on both the court and the parties.

Moreover, and without in any way prejudging the merits of the plaintiffs' as-yet-unfiled motion for emergency relief, it is clear that they allege constitutional injuries which--if the plaintiffs could prove that they were likely to occur--would constitute irreparable harm, and would therefore be appropriately addressed by a preliminary injunction or temporary restraining order.[3] See First Suppl. Compl. (doc. no. 32-1) at 26 ("If enforced, the medical records requirement would jeopardize

---

3. The State Health Officer argues that the harms plaintiffs allege this regulation will cause are not actually going to occur, suggesting that the agency will interpret the regulation differently that the plaintiffs do in their amended complaint. Even if this were true and, in the end, precluded, emergency (or any) relief, this issue (continued…)

the privacy and confidentiality of [West Alabama]'s patients by making it significantly more difficult to keep their medical history, including the decision to have an abortion, private.  For some of [West Alabama]'s patients, including those who are victims of domestic violence, being forced to receive copies of their medical records before leaving the clinic would not only jeopardize their privacy, but would put their wellbeing and safety at risk by making it more likely that others--including an abusive partner or relative--will learn of the abortion and harm the woman."); Pls.' Mot. to Shorten Timeframe for Resp. (doc. no. 41) at 4 (citing cases holding that "the violation of a woman's constitutional privacy right constitutes irreparable harm").

    Finally, the State Health Officer argues that the appropriate mechanism for the plaintiffs to seek emergency relief from the statutes at issue is via a separate lawsuit.  Given that the next step of this litigation will

---

cannot be considered by the court unless and until the stay is lifted and the complaint amended.

be for the court to resolve this very issue, and because a shortened briefing schedule is appropriate even when considering only the claim regarding the amended regulation--which is squarely before the court--the merits of the motion to permit supplementation will not be decided at this stage.

    Accordingly, it is ORDERED that plaintiffs' motion (doc. no. 41) to shorten the timeframe for response so that plaintiffs may obtain emergency relief is granted and defendant State Health Officer is to respond to plaintiffs' motion to lift the stay and supplement the complaint (doc. no. 32) by June 15, 2016, at 5:00 p.m.

    DONE, this the 13th day of June, 2016.

                                     /s/ Myron H. Thompson\_\_\_\_
                                    **UNITED STATES DISTRICT JUDGE**