## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER and WILLIAM J. PARKER, MD, on behalf of themselves and their patients,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS M. MILLER, MD, in his official capacity as State Health Officer, *et al.,*<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 2:15-CV-497-MHT |

### JOINT MOTION TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH THE TRIAL ON THE MERITS

Pursuant to Fed. R. Civ. P. 65(a)(2), the parties move this Court to consolidate the preliminary injunction hearing with the trial on the merits and enter a final judgment in this action. In support of this motion, the parties state the following:

1. At the telephone conference held on July 20, 2016, *see* Doc. 74, the Court raised the possibility of the parties agreeing to a consolidation of the preliminary injunction hearing with the trial on the merits. At that time, the parties did not agree to such consolidation, but indicated that they would revisit the matter after the conclusion of the preliminary injunction hearing, which was held on October 2-4, 2016.

2. Following the entry of a preliminary injunction by the Court, Doc. 116, the parties had the opportunity to review the Court's opinion as to why a preliminary injunction should issue, Doc. 115, and to consider how to proceed in the case.

3. In accordance with the Court's Rule 26(f) Order, Doc. 117, the parties discussed discovery, jointly concluded that no discovery was necessary, and agreed that the record before the Court is sufficient for the entry of a final order and judgment.

4. The parties thus jointly move the Court to consolidate the preliminary injunction hearing with the trial on the merits and enter a final judgment pursuant to Fed. R. Civ. P. 65(a)(2).

Under Rule 65(a)(2), consolidation of the preliminary injunction hearing with the trial on the merits after the hearing is permissible where, as here, it is done with the consent of the parties. *See, e.g.*, *Warehouse Groceries Management, Inc. v. Sav-U-Warehouse Groceries, Inc.*, 624 F.2d 655, 657 (5th Cir. 1980) (post-hearing consolidation is within the "literal" language of Rule 65(a)(2)); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2950 ("Since Rule 65(a)(2) provides that consolidation may be ordered 'before or after beginning the hearing,' the trial court can transform a preliminary-injunction hearing into a consolidated hearing at any time . . . ."). The use of the rule has been restricted "to cases in which the party adversely affected by the entry of such an order has been given adequate notice and an opportunity to object before his right to a separate hearing on the merits of the case has been foreclosed." *Warehouse Groceries Management*, 624 F.2d at 657. Thus, where the parties agree to consolidation and propose it to the Court, use of the Rule to consolidate after the close of the preliminary injunction hearing is appropriate. *See, e.g.,* Wright & Miller, Federal Practice and Procedure, § 2950.

     5.    To be clear, although Defendants consent to consolidation because additional evidentiary proceedings and discovery are unnecessary, Defendants respectfully disagree with this Court's resolution of the preliminary injunction motion and preserve all rights of appeal.

For these reasons, the parties jointly move the Court to consolidate the preliminary injunction hearing with the trial on the merits and proceed with the entry of a final order and judgment.

Dated: November 14, 2016

Respectfully submitted,

s/ Andrew Beck

Andrew Beck*
New York State Bar No. 4740114
Alexa Kolbi-Molinas*
New York State Bar No. 4477519
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
akolbi-molinas@aclu.org
(212) 549-2633

s/ Randall C. Marshall
Randall C. Marshall
ASB-3023-A56M
ACLU FOUNDATION OF ALABAMA, INC.
P.O. Box 6179
Montgomery, AL 36106-0179
rmarshall@aclualabama.org
(334) 420-1741

*Attorneys for Plaintiffs*

*\* Admitted pro hac vice*

Luther Strange
*Attorney General*

s/ Andrew L. Brasher

Andrew Brasher
*Solicitor General*
James W. Davis
*Deputy Attorney General*
Brett Talley
*Deputy Solicitor General*
William G. Parker, Jr.
*Assistant Attorney General*
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: 334.242.7300
Facsimile: 334.353.8440
abrasher@ago.state.al.us
jimdavis@ago.state.al.us
btalley@ago.state.al.us
wparker@ago.state.al.us

*Counsel for Attorney General Strange, District Attorney Head, and District Attorney Broussard*

s/ P. Brian Hale

Phillip Brian Hale
Carol Robin Gerard
Bethany Lynn Bolger
State of Alabama
Department of Public Health
P.O. Box 303017
Montgomery, AL 36130-3017
Telephone: (334) 206-5209
Fax: (334) 206-5874
brian.hale@adph.state.al.us
carol.gerard@adph.state.al.us
bethany.bolger@adph.state.al.us

*Counsel for Dr. Thomas M. Miller*