IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WEST ALABAMA WOMEN'S ) | |
| CENTER, et al., on behalf ) | |
| of themselves and their ) | |
| patients, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:15cv497-MHT |
| ) | (WO) |
| DR. THOMAS M. MILLER, in ) | |
| his official capacity as ) | |
| State Health Officer, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT**

In accordance with the memorandum opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) The State of Alabama's school-proximity law, 1975 Ala. Code § 22-21-35, is DECLARED unconstitutional, both facially and as applied to the plaintiffs.

(2) The State of Alabama's fetal-demise law, 1975 Ala. Code § 26-23G-1 et seq., except for the private

civil-enforcement provisions, is DECLARED unconstitutional as applied to the plaintiffs.

(3) The defendants, the Alabama State Health Officer, the Alabama Attorney General, and the district attorneys for Tuscaloosa and Madison Counties, and all those acting in concert with them, are each ENJOINED and RESTRAINED from enforcing the school-proximity law, 1975 Ala. Code § 22-21-35.

(4) The defendants, the Alabama State Health Officer, the Alabama Attorney General, and the district attorneys for Tuscaloosa and Madison Counties, and all those acting in concert with them, are each ENJOINED and RESTRAINED from enforcing the fetal-demise law, 1975 Ala. Code § 26-23G-1 et seq., against the plaintiffs. This injunction does not extend to the private civil-enforcement provisions of the fetal-demise law.

It is further ORDERED that costs are taxed against the defendants, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 26th day of October, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE